## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

S & W MOTOR LINES, INC., ET AL. v. ESTHER W. BAYLISS, ADMINISTRATRIX, ETC.

September 1, 1971.

Record No. 7561.

Present, All the Justices.

*Henry H. Whiting (Kuykendall, Hall and Whiting,* on brief), for plaintiffs in error.

*Joseph A. Massie, Jr. (Massie and Snarr,* on brief), for defendant in error.

Per Curiam.

Esther W. Bayliss, Administratrix of the Estate of Julian M. Bayliss, brought an action against S&W Motor Lines, Inc. and Roger D. Bias, an employee of S&W, to recover damages for the wrongful death of Julian M. Bayliss, her husband. Bayliss, while under the influence of alcoholic intoxicants, was killed when the car he was operating collided with an S&W tractor-trailer driven by Bias. The trial court entered judgment on a jury verdict of $25,000 in favor of plaintiff against both defendants.

In our view of the case, the controlling issue in this appeal is whether Bayliss was, as a matter of law, guilty of negligence that was a proximate cause of the accident.

The plaintiff called defendant Bias, the only eye-witness, to testify as an adverse witness. We have said that when a defendant is called as an adverse witness, the plaintiff is bound by the defendant's testimony to the extent that it is clear, logical, reasonable, and not in conflict with plaintiff's evidence. *Boyd* v. *Brown*, 192 Va. 702, 708, 66 S.E.2d 559, 564 (1951), *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963).

The collision occurred about midnight on December 15, 1967. Bias testified that he was proceeding south on U.S. Route 522 near Winchester, and was following a vehicle seventy to eighty feet ahead of him. He observed the Bayliss car traveling toward him on the wrong side (southbound lane) of the highway, and he applied his brakes. He remained in his lane (southbound) as long as possible, but when Bayliss failed to get into his (northbound) lane he (Bias) drove into the northbound lane to avoid a collision. In the meantime Bayliss drove into the northbound lane where the impact occurred.

The testimony of defendant Bias showed that Bayliss was driving on the wrong side of the highway until immediately before the collision. His testimony was not contradicted by any of plaintiff's evidence, nor was it incredible, illogical or unreasonable. We hold that plaintiff is bound by the testimony of Bias, and that it establishes Bayliss was, as a matter of law, guilty of negligence that was a proximate cause of the accident.

*Reversed and final judgment.*