### Richmond

JOHNNY CARL SIMMONS

v.

## COMMONWEALTH OF VIRGINIA

August 31, 1978.

Record No. 770987.

Present: All the Justices.

*William F. Burnside* for appellant.

*Todd E. LePage, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for appellee.

PER CURIAM.

The trial court, sitting without a jury, convicted Johnny Carl Simmons of embezzlement under Code § 18.2-111, sentenced him to confinement in the State penitentiary for five years, suspended execution of the sentence, and placed him on probation for five years. In this appeal, the sole question is the sufficiency of the evidence, which comes to us in an agreed statement of facts.

Carl E. Robeson testified that he was the owner of a gasoline station located on Virginia Beach Boulevard in Virginia Beach. He had employed Simmons as a "night man," with sole responsibility for operating the station between the hours of 6:00 p.m. and 9:00 p.m. Two other employees operated the business from 7:00 a.m. to 6:00 p.m., and both had keys to the doors of the station.

It was Robeson's custom to appear at the closing time of 9:00 p.m. to collect receipts and secure the station for the night. On October 23, 1975, however, Robeson left the station at 5:30 p.m. and did not return that evening. At 9:05 p.m. he telephoned the station, but received no answer. Knowing that Simmons's wife was expecting a baby, Robeson assumed that Simmons might have left work early to transport her to the hospital. When Robeson arrived at the station the next morning at 7:30 a.m. he found that all the doors were unlocked and that $100 in cash, and several tires, a wheel, and miscellaneous hand tools, worth in the aggregate more than $300, were missing. He acknowleded that he had not taken a physical inventory for several days, that he had suffered at least 24 burglaries of the station before this occurrence, and that none of the stolen automobile parts would fit Simmons's vehicle. He owed Simmons, who had worked for six days prior to October 23, $70 in wages.

The only other witness for the Commonwealth was Officer Guertin, of the Virginia Beach Police Department, who investigated the complaint, and was not able to locate Simmons. When Simmons was arrested in May, 1976, he made no statement to the officer.

Simmons's motion to strike the Commonwealth's evidence was overruled. Simmons, presenting no evidence in his defense, renewed his motion to strike, and the motion was overruled by the trial court, which found him guilty of embezzlement as charged.

■ On the record before us, we hold that the evidence is insufficient as a matter of law to prove criminal agency. All that reasonably may be inferred from the evidence is that Simmons had the opportunity to commit the crime and that he fled at a time when wages were payable to him. But opportunity and subsequent flight, while sufficient to arouse strong suspicion, are not of themselves sufficient to support Simmons's conviction. *See Harlow v. Commonwealth,* 204 Va. 385, 131 S.E.2d 293 (1963); *Leebrick v. Commonwealth,* 198 Va. 365, 94 S.E.2d 212 (1956).

■ There is no evidence that Simmons was present when the crime was committed. There is no evidence as to the time when the crime was committed, except that it occurred between 5:30 p.m. on October 23 and 7:30 a.m. on October 24. Indeed, there is no evidence that Simmons ever appeared at the station or relieved other personnel in control of it on October 23. All we know is that Robeson left at 5:30 p.m., which was thirty minutes before Simmons was required to go to work. Robeson did not testify that he left Simmons in charge at 5:30 p.m. Neither of the other employees testified. So we have no evidence that Simmons assumed any responsibility for the station on October 23. Whether he failed to report for work that day, or appeared and then departed either during or at the end of his scheduled hours of employment, are questions unanswered in the record. Hence, resolution of the critical issue whether Simmons asported the missing items from the station depends upon conjecture and surmise rather than upon proven facts.

Under these circumstances, Simmons's conviction will be reversed and the case will be remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*