Tuesday                    13th

July, 2004.


Ernestine Anderson, s/k/a
 Ernestine L. Anderson,                                                    Appellant,

 against          Record No. 2460-02-2
                  Circuit Court No. CR02 0272

Commonwealth of Virginia,                                                  Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner,
     Frank, Humphreys, Clements, Felton, Kelsey and McClanahan

     Gregory R. Sheldon (Goodwin, Sutton & DuVal, P.L.C., on brief),
      for appellant.

      Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
      Attorney General, on brief), for appellee.


     By memorandum opinion dated December 23, 2003, a divided panel of this Court reversed the

judgment of the trial court. We stayed the mandate of that decision and granted rehearing *en banc*.

     Upon rehearing *en banc*, it is ordered that the December 23, 2003 mandate is vacated, and the

judgment of the trial court is affirmed for the reasons set forth in the panel dissenting opinion. The

appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

_____

Benton, J., with whom McClanahan, J., joins, dissenting.

I agree with the earlier panel majority opinion that we should reverse this conviction. See Anderson v. Commonwealth, Record No. 2460-02-2 (Va. Ct. App. December 23, 2003). I would add, however, the following additional reasons for reversing this conviction.

In a criminal case, where the quantum of proof must be beyond a reasonable doubt, the imperative to secure convictions free of speculation, surmise, and conjecture is constitutionally based. See In re Winship, 397 U.S. 358 (1970). Thus, when the proof relied upon by the Commonwealth is wholly circumstantial, the following principles pertain:

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt. To accomplish that the chain of circumstances must be unbroken and the evidence as a whole must be sufficient to satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other reasonable hypothesis and to a moral certainty.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

In this circumstantial evidence case, however, the only evidence offered by the Commonwealth that did not require the trier of fact to speculate, conjecture, or surmise while assessing Ernestine Anderson's guilt or innocence was evidence of opportunity. Yet, it is well established that "mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted).

The evidence proved that Anderson entered the receptionist's office while the receptionist was at her desk engaged in a personal telephone conversation. The receptionist testified that she put the caller "on hold" while she informed Anderson that her employer, Hancock, did not handle the type of employment case for which Anderson was seeking the services of an attorney. She gave Anderson the name of another attorney and gave her directions to his office. The receptionist testified that she then

- 2 -

"*ran* into . . . Hancock's office to continue [her] personal call to [the receptionist's] attorney" as Anderson stood at the door to leave the receptionist's office. Explaining that she did not stay to observe whether Anderson left the office, she testified as follows:

> Q: . . . At the time that you went back to . . . Hancock's office, where was . . . Anderson?
>
> A: She was standing at the door in my office.
>
> Q: At that time, did you hear the door open or close?
>
> A: No.
>
> Q: So, you went into . . . Hancock's office and continued your telephone conversation?
>
> A: Yes, I did.

Relying upon the trial judge's finding that "[t]he unique thing about the case . . . is this front door," the Commonwealth contends the trier of fact could conclude that because the testimony proved the front door was "very loud and very hard to open" and the receptionist did not hear the door's noise, Anderson remained in the office alone with the purse. I disagree. Even when evidence is sufficient "to elevate suspicion to the level of probability, [it does] not relieve the Commonwealth of the burden of producing evidence which establishes guilt beyond a reasonable doubt." Hyde v. Commonwealth, 217 Va. 950, 954, 234 S.E.2d 74, 78 (1977). Here, the receptionist did not observe the fact the Commonwealth sought to prove -- that Anderson remained in the office. Instead, the Commonwealth sought to prove this fact by testimony that the receptionist did not hear the door open. In short, the Commonwealth contends the trier of fact could conclude that Anderson remained in the office because (1) the door makes a noise when it is opened or closed, (2) the receptionist did not hear the noise the door generally makes when it opens or closes, and (3) therefore, Anderson did not leave the office. This is a leap in logic that would require the trier of fact to speculate that Anderson, whom the receptionist saw at the door as if leaving, did not open the door and leave when the receptionist "ran" to the other room, which was six to ten feet down the hallway, to resume her personal telephone call.

The Supreme Court has long held that testimony establishing that a witness did not hear a sound has little probative value unless evidence also establishes that the witness "had good opportunity to . . . hear, and the evidence demonstrates that [the witness] probably would have . . . heard the event if it had occurred, or it is shown that [the witness'] attention was drawn to the matter controverted." Norfolk & W. Ry. Co. v. Greenfield, 219 Va. 122, 130-31, 244 S.E.2d 781, 785 (1978). Commenting upon the testimony of a witness who did not hear a train whistle, the Court noted in Southern Ry. Co. v. Bryant, 95 Va. 215, 28 S.E. 183 (1897), that the witness' "testimony . . . was simply that he did not hear the whistle. He mentioned no circumstance to show that he was listening for it, or that there was anything to direct his attention specially to it." Id. at 216, 28 S.E. at 184. The Court ruled, therefore, that the "evidence upon this point was merely negative, and may be left out of consideration." Id. See also White v. S. Ry. Co., 151 Va. 302, 312, 144 S.E. 424, 427 (1928) (holding that "'[n]egative testimony proper is entitled to no weight'").

The evidence in this case established that the receptionist last saw Anderson at the door and "thought she was leaving." The receptionist, by her own testimony, "ran into . . . Hancock's office to continue [her] personal call." Nothing in the receptionist's testimony established that her attention was drawn to Anderson. Rather, her testimony establishes that she was alert and attentive to her personal circumstance and quickly left the room to resume the telephone conversation with her personal attorney, whom she had put "on hold." This evidence is akin to the deficiency the Court noted in Norfolk & Portsmouth Belt Line R.R. Co. v. Mueller Co., 197 Va. 533, 90 S.E.2d 135 (1955):

> It will be noted from the . . . evidence that [the witness] nowhere claims to have listened for an approaching train. If he made any special effort to hear the ringing of the bell or the approach of the train he does not say so. He emphasizes the fact that he made an effort to see but . . . never says that he listened or made an effort to hear. He contents himself with saying "I heard no [noise]."

Id. at 538, 90 S.E.2d at 139. The Court ruled that in the absence of predicate facts concerning the witness' attention "evidence such as here presented (and in many instances stronger) . . . [is] lacking in

- 4 -

probative value." Id. See also Norfolk & W. Ry. Co. v. Eley, 157 Va. 568, 579, 162 S.E. 3, 6 (1932) (holding that a witness' testimony that he did not hear a whistle was "testimony [that] is negative and without probative value").

I would hold that the testimony of the receptionist was insufficient to prove that Anderson remained in the room and to support an inference that she stole the purse. The receptionist's testimony that she did not hear the door open as she "ran" to the other office was not coupled with a sufficient predicate, consisting of additional testimony or circumstances, to show that her attention and acuity were focused upon the occurrence of the event. Indeed, the receptionist's own testimony established, instead, that the focus of her attention and the thrust of her activities were related to her personal telephone call.

Significantly, the evidence proved that the receptionist was in Hancock's office for an undisclosed time, but in excess of three minutes, while conversing on the telephone about her personal matter. During that time, both the front door and the rear door to the office were unlocked. After the receptionist had been in Hancock's office for two or three minutes, she "hear[d] the door open and close." As further evidence of her distraction, the receptionist testified she did not cease her personal telephone conversation when she heard the door open and close. Moreover, she did not testify that she was looking toward the hallway that led from the rear door to the front door. No other evidence proved where the receptionist stood or sat while she continued her personal telephone conversation for another two or three minutes in Hancock's office before returning to her desk. The receptionist discovered that her purse was missing several hours later, which was three hours after she placed it on the floor.

No evidence excludes the reasonable hypothesis that a third person entered the back door and exited the front door. No evidence excludes the reasonable hypothesis that a third person entered and exited the front door. Lastly no evidence excludes the reasonable hypothesis that a third person entered the front door and exited the rear door. The conviction in this case rests solely upon the speculative hypothesis that Anderson was in the room alone with the purse and then stole it. Therefore, I would

"hold that the evidence viewed in the light most favorable to the Commonwealth established only a suspicion or a probability of guilt and was insufficient as a matter of law to support the grand larceny conviction." Tarpley v. Commonwealth, 261 Va. 251, 257, 542 S.E.2d 761, 764 (2001).

_____

It is ordered that the trial court allow counsel for the appellant a total fee of $925 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent her in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be certified to the trial court.

Costs due the Commonwealth by
  appellant in Court of Appeals of Virginia:

        Attorney's fee            $925.00    plus costs and expenses

                        A Copy,

                            Teste:

                                        Cynthia L. McCoy, Clerk

                            By:

                                        Deputy Clerk

- 6 -

Wednesday 28th

January, 2004.

Ernestine Anderson, s/k/a
Ernestine L. Anderson, Appellant,

against        Record No. 2460-02-2
                 Circuit Court No. CR02 0272

Commonwealth of Virginia, Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner,
Frank, Humphreys, Clements, Felton, Kelsey and McClanahan


On January 6, 2004 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on December 23, 2003, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on December 23, 2003 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellee shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. It is further ordered that the appellee shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,
Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

- 7 -

COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


ERNESTINE ANDERSON, S/K/A
 ERNESTINE L. ANDERSON

                                                          MEMORANDUM OPINION* BY
v.        Record No. 2460-02-2        JUDGE ELIZABETH A. McCLANAHAN
                                                               DECEMBER 23, 2003

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                          Horace A. Revercomb, III, Judge

            Gregory R. Sheldon (Goodwin, Sutton & DuVal, P.L.C., on brief),
            for appellant.

            Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Ernestine L. Anderson appeals from a conviction for grand larceny in violation of Code

§ 18.2-95.  Anderson contends that the trial court erred in finding that the evidence was sufficient

to prove beyond a reasonable doubt that she was the person who committed the larceny.  For the

reasons that follow, we reverse the trial court.

                                    I.  Background

        On appeal, when considering whether evidence is sufficient for conviction, "the evidence

and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the

prevailing party in the trial court."  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d

781, 786 (2003) (citations omitted).  We "discard the evidence of the accused in conflict with

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Craddock v. Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (citations omitted).

Julanne Ryckman was working as a paralegal in the office of Katherine Hancock on March 19, 2001. She worked at a desk in the first room of the law office, facing the front door. At about 4:30 p.m., she discovered her purse was missing from behind her desk. The purse would have been "in plain view" of anyone standing in front of her desk. Ryckman testified that she had the purse when she returned from lunch at about 1:40 p.m. The purse and its contents were valued at over $200.

On that day, Hancock left the office at 2:00 p.m. for a court hearing. She left through the back door of the office suite, leaving the door unlocked. Hancock testified that, while the back door does not make "big loud" noises when opened and closed, "[y]ou can normally hear that somebody has come in . . . ." Hancock described the office layout, explaining that someone entering through the rear door must walk past her office to get to Ryckman's desk.

At about 2:10 p.m. that same day, Anderson entered the law office. Ryckman was alone in the office and talking on the telephone at her desk. Ryckman briefly continued her phone conversation and then put the caller "on hold" to speak with Anderson. Anderson indicated she wanted an attorney to represent her in an employment dispute. Ryckman advised Anderson that Hancock did not handle that type of case and referred Anderson to another attorney.

Ryckman stated that she thought Anderson was leaving, as she was standing at the front door. Ryckman went into Hancock's adjacent private office, some six feet from the front room, to continue her telephone call. Ryckman said she heard the front door close two or three minutes later. Ryckman finished her call a few minutes after hearing the door close. She then returned to her desk, where she stayed for the remainder of the afternoon.

The front door to the office had an old lock that was difficult to open, and the door made "a racket" when it was opened and closed. Hancock testified, "You can always hear when someone comes in" and when someone leaves. She added, "You can be all the way in the back and hear somebody come in." When asked if she would have heard someone other than Anderson enter the office, Ryckman responded "definitely."

About fifteen to twenty minutes after Anderson left, a man entered looking for her. Ryckman, who remained at her desk, told the man that she had referred Anderson to another attorney, and the man left. According to Ryckman, the only other visitor to the office after she returned from lunch was Bob Gaines, a title examiner. He came to the office shortly before Anderson arrived, but he left when he saw that Ryckman was on the phone. He returned after 3:00 p.m. and spoke to Hancock in the waiting area. Ryckman remained at her desk during both of Gaines's visits.

Rob Hall, the Bowling Green Chief of Police, interviewed Anderson. Anderson told Hall she had not seen Ryckman's purse when she was at the law office. She claimed Ryckman was still in the front room when she left. Anderson said she did not see anyone else in the office while she was there. She denied taking the purse. Hall testified that none of the stolen items were found in Anderson's possession and that none of the property had ever been recovered from Anderson or anywhere else.

Anderson testified at trial that she sat in the office for ten to fifteen minutes while Ryckman talked on the phone. Anderson said she was never alone in the office and did not see or take Ryckman's purse. She also said Ryckman did not go into Hancock's office while she was there.

At the conclusion of all the evidence, Anderson moved to strike the evidence, contending the testimony did not exclude the possibility that someone else took the purse. Anderson's

- 10 -

attorney noted, "[T]here is a two and a half hour time period where the back door is open." He argued several people came in and out of the law office.

The trial court, in denying Anderson's motion to strike, found no unknown persons entered the law office through the front door because of the "loud front door." He excluded the title examiner and the person inquiring about Anderson as the thief because Ryckman was present at her desk at those times. He excluded anyone entering through the back door "because Ms. Ryckman testified that she was in the proximity by going in Ms. Hancock's office that no one came in." He concluded Anderson was the only person who had access to the purse while it was outside Ryckman's view.

## II. Analysis

When the sufficiency of the evidence is challenged on appeal, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). As the reviewing court, "we do not substitute our judgment for that of the trier of fact." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (citation omitted). We also do not ask whether we believe that the evidence at the trial established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Instead, we ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)); see also Hoambrecker v. Commonwealth, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992). Applying this standard of review, we find that no rational fact finder could have found beyond a reasonable doubt that the Commonwealth proved that Anderson stole Ryckman's purse.

- 11 -

"In every criminal prosecution the Commonwealth must establish beyond a reasonable doubt all elements of the offense and that the accused did commit it." Harward v. Commonwealth, 5 Va. App. 468, 470, 364 S.E.2d 511, 512 (1988). Larceny, a common law crime, is the wrongful or fraudulent taking of another's property without her permission and with the intent to deprive the owner of that property permanently. Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000); Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994); Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417 (1986). Grand larceny includes the taking, not from the person of another, of goods that have a value of $200 or more. Stanley, 260 Va. at 96, 531 S.E.2d at 315. Thus, to sustain Anderson's conviction for grand larceny, the Commonwealth had to prove beyond a reasonable doubt that Anderson was the person who took Ryckman's purse with the intention of depriving Ryckman of it permanently.

The Commonwealth did not present sufficient evidence that Anderson took the purse. No one testified that they saw Anderson with the purse, and there was no evidence that she ever had any of the stolen items in her possession. Additionally, the chief of police testified that neither the purse nor any of its contents had ever been recovered from Anderson or anywhere else. Appellee cites Toler v. Commonwealth, 188 Va. 774, 51 S.E.2d 210 (1949), in which the defendant was the only person seen in an office building at the time money was taken from an employee's billfold. The billfold had been in a room that was open to the public. The Supreme Court found that the evidence was sufficient to sustain the conviction. However, in that case, the defendant was caught a short time later in possession of the money. Here, none of the stolen items were ever seen or found in Anderson's possession. The Supreme Court has held in the following cases, where there was opportunity and *some* evidence of possession, the evidence was insufficient to convict on the basis that the criminal agent could not be unerringly identified. See

e.g., Lewis v. Commonwealth, 211 Va. 497, 178 S.E.2d 530 (1971) (holding the evidence insufficient though defendant had the opportunity to commit the crime and had on his person when arrested a sum of money approximating the amount charged in the warrant and indictment); Foster v. Commonwealth, 209 Va. 326, 163 S.E.2d 601 (1968) (holding evidence insufficient to find guilt beyond a reasonable doubt even though defendant had access to the goods that were stolen and was seen in the area where the stolen goods were found); Leebrick v. Commonwealth, 198 Va. 365, 94 S.E.2d 212 (1956) (holding that the evidence raised only a strong suspicion of guilt even when the stolen items were found hidden under a porch where the defendants had slept); Williams v. Commonwealth, 193 Va. 764, 71 S.E.2d 73 (1952) (holding the evidence insufficient where defendant had the opportunity to commit the crime and where unique coins similar to those stolen were found in his possession). In the case at bar, there was not *some* evidence of possession; there was *no* evidence of possession.

The Commonwealth showed only that Anderson had an opportunity to take the purse. "Presence in the area of a crime is sufficient to prove opportunity, but, standing alone, it is insufficient to prove guilt and creates nothing more than a suspicion that the accused is guilty of the crime charged." Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985) (holding evidence may have created a strong suspicion or even a probability defendant was guilty of committing larceny, but as a matter of law was insufficient to identify him as the criminal agent to the exclusion of a reasonable doubt) (citing Duncan v. Commonwealth, 218 Va. 545, 547, 238 S.E.2d 807, 808 (1977)); see also Simmons v. Commonwealth, 219 Va. 181, 247 S.E.2d 359 (1978) (holding evidence insufficient as a matter of law to prove criminal agency when all that could be reasonably inferred was that the defendant had the opportunity to commit the crime and had fled arrest). "Mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to

- 13 -

sustain a conviction.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted). See also Tarpley v. Commonwealth, 261 Va. 251, 542 S.E.2d 761 (2001) (holding that the evidence established only a suspicion or a probability of guilt, and was insufficient as a matter of law to support the grand larceny conviction).

While the evidence, taken in the light most favorable to the Commonwealth, showed Anderson had an opportunity to take the purse during the two to three minutes she was alone in Ryckman's office, there is no evidence other than opportunity linking any of her conduct to the theft. The evidence showed that the back door was left unlocked for two and one-half hours and that at least three other people were in the area where the purse was kept and had the opportunity to take the purse. There was no evidence of conduct or acts by Anderson sufficient for the fact finder to draw an inference that Anderson stole the purse. There was no evidence of a taking by this defendant. When there are breaks in the circumstantial evidence chain, a trier of fact cannot determine the relevant facts without speculation. Hickson v. Commonwealth, 258 Va. 383, 520 S.E.2d 643 (1999).

No rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. The evidence did not establish that Anderson was the criminal agent. Accordingly, we hold that the Commonwealth's evidence was insufficient, as a matter of law, to sustain the conviction. The judgment appealed from must be, therefore, reversed.

Reversed and dismissed.

Frank, J., dissenting.

I respectfully dissent. From my perspective, this is purely a standard of review case.

When considering the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "In so doing we must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954))). The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*). Additionally:

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted).

The majority opines that the evidence was not sufficient to convict, i.e., no one saw appellant take the purse nor were the stolen items found in her possession. The only issue on appeal in a sufficiency case, however, is whether the evidence supports the trial court's judgment. Circumstantial evidence is sufficient to support a conviction when it "excludes every reasonable hypothesis of innocence which flows from the evidence." Ford v. Commonwealth, 28 Va. App. 249, 259, 503 S.E.2d 803, 807 (1998).

- 15 -

> [W]e do not "substitute our judgment for that of the trier of fact." <u>Wactor v. Commonwealth</u>, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." <u>Id.</u>

<u>Kelly v. Commonwealth</u>, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*).

The uncontroverted evidence excluded appellant's hypothesis of innocence. Ryckman testified she left the desk where her purse was located and went into Hancock's office as appellant appeared to leave the front office. Ryckman returned to the desk several minutes later, after she heard appellant open the door and leave the law office. Ryckman was not away from her purse *at any other time that afternoon*. She was at her desk the entire time that the title examiner and the friend of appellant were in the front office. The trial court properly concluded the theft occurred during that short period of time while Ryckman was in Hancock's office.[1]

Further, the trial court found no one else could have taken the purse. The court, in denying appellant's motion to strike, found no unknown persons entered the law office through the front door because of the "loud front door." The testimony proved Ryckman would have heard someone else enter and leave the office through the front door. The trial court excluded the title examiner and the person inquiring about appellant as the thief because Ryckman was present at her desk at those times. The testimony proved Ryckman would have seen either man take her purse from behind her desk because she was sitting there the entire time they were in the office. The trial court excluded anyone entering through the back door "because Ms. Ryckman testified that she was in the

---

[1] During oral argument, appellant conceded the theft occurred between 1:40, when Ryckman returned from lunch, and approximately 2:30, when Ryckman completed her telephone call in Hancock's office and returned to the desk in the front office.

proximity by going in Ms. Hancock's office that no one came in." Ryckman testified she would have heard and seen anyone entering the suite via the back door while she was in Hancock's office. The court concluded appellant was the only person who had access to the purse while it was outside Ryckman's view.[2] This inference reasonably flows from the testimony presented by Ryckman and Hancock.

The majority concludes the evidence proves only that appellant had an opportunity to take the purse, not that she actually took the purse. However, this conclusion does not afford the proper deference to the reasonable findings of the trial court. The finder of fact excluded any person other than appellant as the perpetrator. The majority opinion emphasizes that the back door was unlocked for over two hours and at least three other people entered the area where the purse was kept. As explained above, the trial court reasonably excluded those people. Appellant conceded Hancock was not the thief, and Ryckman was present at her desk when Gaines and the man looking for appellant were present. Contrary to the majority view, there is no "break in the circumstantial evidence." Further, the trial court rejected appellant's testimony that Ryckman never left the waiting room while she was there.

The evidence supports the trial court's findings of fact. While other fact finders may have acquitted appellant, the testimony was sufficient to find that a rational trier of fact could find appellant guilty of theft beyond a reasonable doubt. I would, therefore, affirm the conviction.

---

[2] Appellant conceded Hancock was not the thief.